Matthias, J.
The Public Utilities Commission refused to take jurisdiction of the complaint filed with it by more than three per cent, of the electors of the city of Cleveland pursuant to the provisions of Section 614-44, General Code, upon the ground that a contract had been entered into between the city and The Cleveland Electric Illuminating Company for the product and service of said company for a period of five years, and that the same was not reviewable by said commission.
The difficulty presented in this case arises from the effort to reconcile provisions of the statute in effect prior to the adoption of the constitutional amendments in 1912 with those amendments, and particularly with Section 4, Article XVIII. The authority of a municipality to enter into a contract with a public utility for its product and service is now expressly conferred by the constitution and is valid and binding upon the parties thereto unless disapproved by a majority of the electors voting thereon at a referendum election held pursuant to the provisions of Section 5, Article XVIII of the Ohio Constitution. No legislative act can in any wise modify or restrict the power conferred by constitutional provision, and therefore any provision of the statute inconsistent with the constitutional provision conferring such power must fall.
This question has been before this court and definitely decided in Ohio River Power Co. v. City of *339 Steubenville, 99 Ohio St., 421, and City of Lima v. Public Utilities Commission, 100 Ohio St., 416.
It is conceded by counsel for plaintiffs in error that if the city, by ordinance, accepts a bid of a designated company or authorizes a contract to be signed by its officers, or sets out the terms of a proposed contract and states that it may be accepted by the filing of a consent within the designated time, and such offer is accepted according to its terms, the city thereby contracts in a manner sanctioned by the constitution, which is subject to no statutory limitations. It is contended, however, that in this instance the city has merely availed itself of a statutory power to which it attached a statutory limitation, and it is this statutory limitation, contained in Section 614-44, General Code, which plaintiffs in error seek to interpose.
It is true that in the Steubenville case the utility company accepted an ordinance of the municipality which named that company, and also that a contract was entered into with the company upon authority expressly conferred by an ordinance of the municipality, but that procedure was not followed in the Lima case where the contract was made by the written acceptance of the terms of an ordinance passed by the city council wherein the rates that might be charged for gas during the period stated were fixed. In this instance the city of Cleveland passed.an ordinance fixing the price for steam for heating purposes covering a period of five years. The Cleveland Electric Illuminating Company, in writing, duly accepted the provisions of such ordinance, without condition or reservation. By such uncon *340 ditional acceptance the utility company agreed to continue to furnish its product and service for the ensuing period of five years at the stipulated rate. A contract between the city and the utility company for its product and service at the stipulated price, and for the period named, was thus made, and is binding upon both parties. City of Cleveland v. Cleveland City Ry. Co., 194 U. S., 517, and Columbus Railway, Power & Light Co. v. City of Columbus et al., 249 U. S., 399.
There is nothing in the record indicating that any utility company other than The Cleveland Electric Illuminating Company was referred to in the ordinance in question, and it does not appear that any other utility -company is furnishing any such product or service in the city of Cleveland. No other such company is made a party to this proceeding, or any where mentioned. . On the other hand the complaint specifically states that the rate .fixed was based upon a valuation of the property of The Cleveland Electric Illuminating Company, made by the company and accepted by the council.
Such contract having been entered into between the city and The Cleveland Electric Illuminating Company, under and by virtue of the power expressly conferred by constitutional provision, is not subject to review by the Public Utilities Commission. Therefore, the order of the commission dismissing the complaint was neither unreasonable nor unlawful and is affirmed.
^ , Order affirmed.
Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.